UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMIE HAWKINS,

    Plaintiff,

v.  Case No: 2:13-cv-717-FtM-29DNF

WHOLE FOODS MARKET GROUP, a
foreign profit corporation,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant, Whole Foods Market Group, Inc.'s Motion to Dismiss Plaintiff's Complaint and Demand for Jury Trial (Doc. #15) filed on November 21, 2013.  Plaintiff filed a Response (Doc. #17) on December 5, 2013.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555.  See also Edwards v.

Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (quotations and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

Plaintiff Jimmie Hawkins (Plaintiff or Hawkins) has filed a two-count Complaint (Doc. #1) against Defendant Whole Foods Market Group, Inc. (Whole Foods or Defendant). Hawkins alleges

that Defendant disciplined, demoted, and fired him in violation of the Family & Medical Leave Act (FMLA). (Id.) The underlying facts, as alleged in the Complaint, are as follows.

Hawkins was employed by Whole Foods from September 2009 through October 2011. (Id. at ¶ 1.) Hawkins suffers from thyroid problems, which prevent him from swallowing and cause issues with his balance and his back. (Id. at ¶ 9.) In March 2011, Hawkins met with his supervisor to explain his medical issues and request medical leave. (Id. at ¶¶ 16-17.) Hawkins was subsequently hospitalized for seven days, and returned to work at the end of March 2011. (Id. at ¶¶ 18-20.) When he returned, Hawkins requested intermittent FMLA leave. (Id. at ¶ 21.) Following his return, Hawkins was informed he had been demoted while he was on his initial FMLA leave, was disciplined for missing work, and was terminated. (Id. at ¶¶ 22-24.) Hawkins alleges that the demotion, discipline, and termination were the result of his requests for FMLA leave and, therefore, violate the FMLA.

Whole Foods now moves to dismiss the Complaint, arguing that both counts fail to state a claim. (Doc. #15.) Hawkins responds that each count was adequately pled. (Doc. #17.)

### III.

"Under the FMLA, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for a serious health condition that makes the employee unable to perform

3

the functions of her position." Gilliard v. Georgia Dep't of Corr., 500 F. App'x 860, 864 (11th Cir. 2012) (quotation omitted). Additionally, "[a]n employee has the right following FMLA leave to be restored by the employer to the position of employment held by the employee when the leave commenced or to an equivalent position." Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1267 (11th Cir. 2008) (quotation omitted).

An employee may bring two types of FMLA claims: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act; and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in an activity protected by the Act." Pereda v. Brookdale Senior Living Communities, Inc., 666 F.3d 1269, 1272 (11th Cir. 2012). The Complaint contains both an interference claim (count one) and a retaliation claim (count two).

To succeed on an FMLA interference claim, a plaintiff "must demonstrate only that she was denied a benefit to which she was entitled under the FMLA." Schaaf v. Smithkline Beecham Corp., 602 F.3d 1236, 1241 (11th Cir. 2010) (quoting Martin, 543 F.3d at 1266-67 (11th Cir. 2008)). Here, Hawkins alleges that he requested medical leave due to a thyroid illness which required a seven-day hospital stay. (Doc. #1, ¶¶ 17-18). As alleged, Hawkins's thyroid illness meets the FMLA's definition of "serious health condition."

29 U.S.C. § 2611(11) ("The term 'serious health condition' means an illness, injury, impairment, or physical or mental condition that involves -- (A)inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider.")  Accordingly, Hawkins has adequately alleged that he is entitled to the FMLA's benefits.  Hawkins further alleges that, following his return to work, Defendant demoted him and refused his request for intermittent FMLA leave. (Doc. #1, ¶¶ 22-23).  The right to FMLA leave and the right to return to an equivalent position post-leave are both FMLA benefits. Gilliard, 500 F. App'x at 864; Martin, 543 F.3d at 1267. Therefore, Hawkins has adequately alleged his FMLA interference cause of action.

To prevail on a FMLA retaliation claim, "an employee must demonstrate that his employer intentionally discriminated against him in the form of an adverse employment action for having exercised an FMLA right." Strickland v. Water Works & Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1207 (11th Cir. 2001). Absent direct evidence of an employer's intent, "an employee claiming FMLA retaliation must show that (1) he engaged in statutorily protected activity, (2) he suffered an adverse employment decision, and (3) the decision was causally related to the protected activity." Martin, 543 F.3d at 1268.

Here, Hawkins's requests for leave qualify as statutorily protected activity. Wai v. Fed. Exp. Corp., 461 F. App'x 876, 882 (11th Cir. 2012). His allegation that he was demoted, disciplined, and ultimately terminated as a result of these requests satisfies the requirement that he suffer an adverse employment action. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1261 (11th Cir. 2001) ("An employment action is considered 'adverse' . . . if it results in some tangible, negative effect on plaintiff's employment.")

To satisfy the causation prong, "a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated. For purposes of a prima facie case, close temporal proximity may be sufficient to show that the protected activity and the adverse action were not wholly unrelated." Freytes-Torres v. City of Sanford, 270 F. App'x 885, 893 (11th Cir. 2008) (quotations and citation omitted). "But mere temporal proximity, without more, must be very close," and "[a] three to four month disparity between the statutorily protected expression and the adverse employment action is not enough." Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) (quoting Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001)). "Thus, in the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law." Id.

According to the Complaint, Hawkins returned from his initial FMLA leave and requested additional intermittent leave in March 2011, but he was not terminated until October 2011. (Doc. #1, ¶¶ 19-24.) Accordingly, Defendant is correct that Hawkins's termination is not sufficiently close in time to his FMLA leave requests to establish the required causal connection. However, Hawkins's termination is not the only adverse employment action alleged. Hawkins also alleges that Defendant demoted him *while* he was on FMLA leave. (Doc. #1, ¶ 22.) This is sufficient to allege causation via temporal proximity and, therefore, Hawkins has adequately alleged his FMLA retaliation cause of action.

Accordingly, it is now

**ORDERED:**

Defendant's Defendant, Whole Foods Market Group, Inc.'s Motion to Dismiss Plaintiff's Complaint and Demand for Jury Trial (Doc. #15) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   26th   day of June, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

7